In re Peter and Joan M. BIANCO, Debtors.

FIRST AGRICULTURAL BANK, Plaintiff,

v.

Peter BIANCO and Joan M. Bianco, Defendants.

Bankruptcy No. 4–80–0011.
Adv. No. 4–80–0027.

United States Bankruptcy Court, D. Massachusetts.

Aug. 15, 1980.

Christopher Parker, Boston, Mass., trustee.

Jack E. Houghton, Jr., Pittsfield, Mass., for debtor.

Andrew Campoli, Pittsfield, Mass., for Bank.

## MEMORANDUM AND ORDER

PAUL W. GLENNAN, Bankruptcy Judge.

On January 7, 1980, the debtors filed their petition for an arrangement under Chapter 11 of the Bankruptcy Code. They are primarily engaged in the real estate business in and around North Adams, Massachusetts.

On March 14, 1980, the First Agricultural Bank filed a complaint to modify the automatic stay provisions of § 362 of the Bankruptcy Code or alternatively to dismiss the case. They averred that there is no equity in the property, that there are substantial tax arrearages due and that the debtors are unable to offer a viable plan of reorganization.

The debtors answered that equity does exist in the property despite the tax arrearages and that the property mortgaged to the Bank is necessary for rehabilitation of the debtor. Additionally, the Biancos claim that the property located at 218 Ashland Street in North Adams was substantially destroyed by fire in 1978 and the estate may be the beneficiary of substantial insurance proceeds which would assist in funding a plan of reorganization.

A hearing was originally scheduled for May 9, 1980 but was continued until June 13, 1980, and then again until July 25, 1980. At that time, counsel for the Bank testified that the total principal balance due was $142,375.09, and the approximate accrued interest was $35,362.36. The total amount owed the Bank was over $177,737.00. Additionally, the Bank emphasized that the Town of North Adams was owed substantial back taxes and that they were considering legal action. Finally, the Bank submitted an appraisal of the parcels of land and deemed their fair market value to be $48,000.00.

The Biancos represented that their appraised value was $129,000. They also offered as evidence of value an option contract for $108,000. They argued that the sale of the property plus the monies received from the proceeds of the fire insurance would pay off the Bank.

On March 13, 1980, this Court received a letter from the Bank whereby they calculated their per diem loss to be $46.45. Over a one month period, this amounts to approximately $1,400 in accrued interest. The facts of this case convince me that a viable rehabilitation, although unlikely, may be forthcoming if the proceeds from the fire insurances are substantial. Even considering only the debtor's appraisal, there still exists an after tax deficit of over $48,000. The Bank should not be subject to further losses however, and it only seems right that because of the speculative nature of the benefits of the fire insurance, the Biancos should indemnify the Bank from continued losses. Therefore, a bond should be posted in favor of the Banks by the debtors. I am aware that at the trial on July 25, 1980, the Biancos objected to any type of bond being required but the equities of the case require the Bank be protected.

I am ordering that a Bond in the amount of $1400.00 be posted within 10 days of this order or else the Bank is relieved of the Automatic Stay and may proceed with foreclosure. Additionally, should the bond be posted and the debtors have not had a change in the status quo by August 22, 1980, this matter will be reviewed by this Court in Pittsfield and, should this Court find the circumstances unchanged, the debtors will be required to post further bonds to protect the Bank.

**468**

Finally, the United States Trustee has requested that the debtor supply them with certain financial information. They contend that there has been a lack of cooperation on the part of the debtors and have sought dismissal of the case. I am ordering that the Biancos comply with all requests of the United States Trustee. The Trustee should not have to be chasing debtors into this Court in order to gain their cooperation. Should the Trustee represent that there continues to be such lack of cooperation and failure to file information, then this Court will dismiss the Biancos' case *forthwith.*