Linda K. DUNCAN, Plaintiff,

v.

WJLA–TV, INC., Defendant.

Civ. A. No. 82–2572.

United States District Court, District of Columbia.

Dec. 12, 1984.

John W. Karr, Washington, D.C., for plaintiff.

David J. Branson, Washington, D.C., for defendant.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This matter is before the Court on the motion of defendant WJLA for costs incurred in opposing plaintiff's purported experts. In support of the motion, defendant alleges that plaintiff and her counsel repeatedly violated Rule 11 of the Federal Rules of Civil Procedure and otherwise engaged in abusive litigation tactics in designating and attempting to qualify plaintiff's experts. Defendant claims to have incurred expenses totalling $1,565.75 in opposing those experts. Defendant also seeks an award of $115.00 in expenses in-

curred in the preparation of the instant motion.

The pertinent provisions of Rule 11 provide:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that *to the best of his knowledge, information, and belief formed after reasonable inquiry* it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. [Emphasis supplied].

Defendant contends that plaintiff and her counsel violated Rule 11 when they designated Clayton Weaver as an expert witness when, in fact, they were aware that Mr. Weaver was undecided as to whether he would testify. In addition, defendant alleges that Rule 11 was violated again when plaintiff and her counsel later substituted William Shanley as plaintiff's expert without conducting a reasonable inquiry of his qualifications.

The requirements of Rule 11 apply to any paper the lawyer signs. The August 1983 amendment to Rule 11 includes the words "formed after reasonable inquiry". As the Advisory Committee Note suggests, "formed after reasonable

inquiry" imposes a stop-and-think obligation on the lawyer. There is now a mandated obligation on the part of an attorney to stop and think about the pleading and to certify that the information contained in the paper is well-grounded in fact and warranted by existing law "to the best of his knowledge, information, and belief formed after reasonable inquiry." What constitutes "reasonable inquiry" depends on the circumstances of the case.

The expanded nature of the lawyer's certification in the fifth sentence of amended Rule 11 recognizes that the litigation process may be abused for purposes other than delay. *See, e.g. Browning Debenture Holders' Comte. v. DASA Corp.*, 560 F.2d 1078 (2d Cir.1977).

Applying these principles to the case at bar, the Court notes that on June 12, 1984, plaintiff filed a praecipe substituting William Shanley for Clayton Weaver as the expert witness pursuant to Rule 26(b)(4). This praecipe indicated that Mr. Shanley's proposed testimony would be identical to that of the previously designated expert, Clayton Weaver, who apparently had not agreed to testify as an expert before he was designated. On August 10, 1984, plaintiff's counsel filed a pretrial brief stating that "Mr. Shanley holds a B.A. degree in media studies from Emerson College." Then on September 13, 1984, at the trial, a voir dire examination was conducted of Mr. Shanley during which he testified that he did not hold a degree from Emerson and that he had never told plaintiff or her counsel that he did. Thus, plaintiff and her counsel did not correctly ascertain Mr. Shanley's academic background before filing the pretrial brief.

Because Mr. Shanley was designated as an expert witness who would render an opinion on behalf of the plaintiff, it is obvious that his academic record was a critical aspect of his qualifications and should have been the subject of early discussions with plaintiff and her counsel with respect to his testimony. Nevertheless, Mr. Shanley testified that plaintiff and her counsel never inquired whether he had even graduated from college. The Court finds that the requirements of Rule 11 placed a presignature obligation on plaintiff and her attorney to conduct a reasonable inquiry into the qualifications of their expert before filing a pleading containing erroneous information.

Rule 11 further provides that if a paper is signed in violation of Rule 11, the court *shall* impose an appropriate sanction which may include an order to pay reasonable expenses. The Court need not determine whether the violation of Rule 11 was willful because the rule does not require a willful violation. The Court finds that under the circumstances, presented by this case, an appropriate sanction is a shifting of the costs incurred by the defendant as a result of plaintiff's failure to conduct a reasonable inquiry into Mr. Shanley's academic qualifications before presenting erroneous information in a pleading which created the appearance of fact. Therefore, the following costs shall be borne by plaintiff and her counsel:

a. A fee of $155 for the time counsel spent determining that Mr. Shanley did not graduate from Emerson College and arranging for a witness to appear at trial to so testify;

b. An expense of $300 paid to an investigator for his services in determining Mr. Shanley's academic record at Emerson College and arranging for a witness to appear at trial to testify;

c. An expense of $500 paid to the witness for her travel and lodging to appear at trial to testify;

d. A fee of $75 for counsel's time spent cross-examining Mr. Shanley on September 13, 1984; and

e. A fee of $115 for counsel's time spent preparing the instant motion, the accompanying memorandum, affidavit, and proposed order.