In re William C. SALTENBERGER, Jr. and Georgianna L. Saltenberger, his wife, Debtor.

Mary W. SNELLBAKER, Plaintiff,

v.

Leo F. DOYLE, Trustee and William C. Saltenberger, Jr. and Georgianna L. Saltenberger and Continental Bank, Defendants.

Bankruptcy No. 83–02548G.

Adv. No. 86–0116G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 8, 1986.

James A. Hartz, Abington, Pa., for the plaintiff, Mary W. Snellbaker.

Michael Kaliner, Ciardi, Fishbone & DiDonato, Philadephia, Pa., for defendant/trustee, Leo F. Doyle.

Saul L. Langsam, Silvers & Langsam Associates, P.C., Philadelphia, Pa., for the

debtors/defendants, William C. Saltenberger and Georgianna L. Saltenberger.

Martin J. Kilstein, Robert E. Cherwony, Kraft & Kraft, P.C., Philadelphia, Pa., for the defendant, Continental Bank.

Leo F. Doyle, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue for resolution is whether we should award counsel fees to a prevailing plaintiff on the basis that the primary defendant unreasonably protracted the litigation at hand. On the grounds set forth below, we will award the plaintiff's counsel, fees and costs in the amount of $1,283.80.

The facts of this case are as follows:[1] Several years ago Mary N. Snellbaker ("Snellbaker") opened a joint bank account with her daughter, the wife-debtor, at Continental Bank ("Continental"). All deposits in the account were made by Snellbaker, and remained her property, but the wife-debtor was joined in the account to facilitate the withdrawal of funds for the ailing Snellbaker.

In June of 1983, Continental Bank garnished a 50% interest in the account in an attempt to secure payment of an obligation owed by the debtors to Continental. At no time relevant to this chronology was Snellbaker indebted to Continental. Less than a week later, the debtors filed a petition for liquidation under chapter 7 of the Bankruptcy Code ("Code") and a trustee was appointed by us to administer the case. In 1985, the trustee commenced suit against Snellbaker to determine the extent of her ownership in the bank account. After the trustee was satisfied that Snellbaker owned all the funds in the account, the suit was discontinued. Snellbaker, through her counsel, wrote to Continental on December 16, 1985, requesting that the garnishment be released without resort to court process.

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

Receiving no response, counsel wrote a letter of similar tenor to Continental on January 10, 1986. After receiving no response to this letter, Snellbaker's counsel telephoned Continental's counsel on January 22, 1986, and was informed that the two letters had been received but that the bank would not voluntarily surrender the garnishment. Without other peaceful recourse, Snellbaker's counsel filed the instant complaint against Continental, *et al*, demanding the release of the garnishment. Rather than answer the complaint, Continental's counsel phoned Snellbaker's counsel informing him that the garnishment would be released without further action if the suit was discontinued. Counsel relayed the offer to Snellbaker who then refused the proposed settlement without the payment of attorneys' fees for the expense of bringing the instant suit to fruition.[2]

Continental then filed an answer to the complaint which evinced an intent not to oppose Snellbaker's request for relief, while nonetheless asserting an allegedly valid defense to the complaint. By subpoena served several weeks later, Snellbaker sought to compel the appearance of a Continental officer who could testify as to the purported defense. No officer appeared on the designated day, but the bank's counsel stated that no witness was necessary due to the legal, as opposed to the factual, nature of the defense.

At the hearing before us, Continental, at long last, agreed to surrender the garnishment. The issue remaining is whether we should award counsel fees to Snellbaker for her protracted battle. On this question, we find that Continental acted in bad faith in excessively delaying the resolution of this action. Reasonable and necessary counsel fees and costs equal $1,283.80.[3]

As a preliminary point it is clear that the garnishment was *prima facie* an avoidable preference against the debtors under 11 U.S.C. § 547(b). Consequently, the trustee would have been able to avoid the garnishment and draw into the estate any funds in the account which belonged to the wife-debtor. This brief purported analysis of the Code was afforded by Snellbaker's counsel to Continental's counsel in the letter of December 16. Thus, even at that early date, it was clear that Continental's position was virtually untenable.

The common law "American Rule" is that "an attorney must look to his own client alone for payment for his services, and this principle is applicable in bankruptcy matters as well as in others...." *In Re Fidelity American Financial Corp.*, 48 B.R. 258, 260 (Bankr.E.D.Pa.1985); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). But certain exceptions to the rule provide for the payment of attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co., Inc. v. U.S. ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *Lyco Truck Sales & Service, Inc. v. Hopkins (In Re Lyco Truck Sales & Service, Inc.*, 28 B.R. 408, 409 (Bankr.M.D.Pa.1982)). The Congress, of course, has the power to abrogate the "American Rule" as it has done, in part, in statutes such as in 28 U.S.C. § 1927, which states as follows:

§ 1927. Counsel's liability for excessive costs.

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in a case unreasonably and vexatiously may

---

2. In informing Continental of Snellbaker's demand, Snellbaker's counsel wrote, in part, in a letter to the bank's attorney:

[Snellbaker] has decided not to settle the litigation without some reimbursement for fees and costs incurred by her in connection therewith. [Snellbaker] feels particularly strongly because the bank literally said, "sue me" when

amicable pre-litigation settlement was proposed.

Letter of March 6, 1986, designated as exhibit "C" to the stipulation of facts.

3. This sum consists of 10.95 hours of itemized counsel time at a rate of $100.00/hr. or $1,095.00, plus 2.5 hours of paralegal time at $30.00/hr. for $75.00. Costs total $113.80.

be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Such relief may likewise be predicated on a rule of court. *See, e.g.,* Fed.R.Civ.P. 11 and Bankruptcy Rule 9011.[4] *See,* J. Murphy, *Bankruptcy Court Power Affirmed,* Pa. Law Journal-Reporter, December 9, 1985, p. 1 (collecting cases). Under Bankruptcy Rule 9011, which is the bankruptcy analogue of Fed.R. Civ.P. 11, the United States Court of Appeals for the Third Circuit has recently affirmed a bankruptcy court's award of counsel fees. *Cinema Service Corp. v. Edbee Corp.,* 774 F.2d 584 (3d Cir.1985). We have likewise used Rule 9011 to sanction counsel for the successive filing of bankruptcy petitions in bad faith. *In Re Wright,* 54 B.R. 553 (Bankr.E.D.Pa.1985).

In the case at bench relief may be predicated on the *F.D. Rich* case or Bankruptcy Rule 9011, since we have found that Continental acted in bad faith in unnecessarily protracting this dispute. We will accordingly enter an award of attorneys' fees in favor of Snellbaker and against Continental in the amount of $1,283.80. Relief against all the other defendants, who are merely nominal parties, will be denied.

4.     Rule 9011

SIGNING AND VERIFICATION OF PAPERS

    (a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to in-

crease the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

    (b) Verification. Except as otherwise specifically provided by these rules, papers filed in a case under the Code need not be verified. Whenever verification is required by these rules, an unsworn declaration as provided in 28 U.S.C. § 1746 satisfies the requirement of verification.

    (c) Copies of Signed or Verified Papers. When these rules require copies of a signed or verified paper, it shall suffice if the original is signed or verified and the copies are conformed to the original.