**In re TWO STAR SURGICAL SUPPLY, INC., Debtor-in-Possession.**

**TWO STAR SURGICAL SUPPLY, INC., Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Defendant.**

Bankruptcy No. 186–61729–352.

Adversary No. 186–0160–352.

United States Bankruptcy Court, E.D. New York.

Jan. 7, 1987.

Robert Abrams, Atty. Gen., New York City, N.Y., for defendant.

Macco, Hackeling & O'Shea, Melville, N.Y., for plaintiff.

MARVIN A. HOLLAND, Bankruptcy Judge:

This Decision addresses the duty of reasonable inquiry imposed by Bankruptcy Rule 9011 with regard to a pleading which "denies knowledge or information sufficient to form a belief" as to matters of public record.

FACTS

The plaintiff's/debtor's complaint contains the following allegations:

1. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 and Section 541 and 542, of Title 11 of the United States Code.

2. On the 4th day of September, 1986, a petition for relief under Chapter 7 [sic] 11 of Title 11, United States Code, was filed by the above-named debtor.

3. Pursuant to 11 U.S.C. Section 1107, plaintiff presently exists as a debtor-in-possession with all the powers and duties of a Trustee as established in 11 U.S.C. Section 704.

The first paragraph of defendant's answer

1. [d]enies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in paragraphs '1', '2', '3', '8' and '9' of the complaint.

By so addressing paragraphs 1, 2 and 3 of the complaint, defendant denies "knowledge or information sufficient to form a belief as to the truth or falsity" of the fact that the debtor filed a chapter 11 petition, thereafter continued to operate as a debtor-in-possession and subsequently filed this very adversary proceeding.

The parties first appeared in court on October 15, 1986 when the following colloquy ensued:

THE COURT: Two Star Surgical Supply.

My file does not indicate an answer.

MR. HACKLING: Your Honor, I did receive an answer yesterday. I did grant an extension of time to answer until yesterday.

THE COURT: Has somebody a copy of the answer that I may look at?

MR. S: I have an extra copy, your Honor.

THE COURT: I would like to see the original answer that is filed with the Clerk of the Court. I would be happy to give you a very brief adjournment so that somebody can get it from the Clerk's office for me.

MR. S: You can keep this copy if you wish, Your Honor. I did serve and file the original.

THE COURT: I want to see a copy with the signature on it.

MR. S: May I sign it now? Would it be satisfactory; this is a carbon?

THE COURT: Are you sure you want to do that?

MR. S: It is the same as the original.

THE COURT: Be my guest.

MR. S: I have more copies if I ever have to reproduce it for a record.

THE COURT: You are Mr. S, you are the person who signed the original that was filed with the Clerk's office?

MR. S: That is correct, your Honor.

THE COURT: Mr. S, are you familiar with Bankruptcy Rule 9011?

MR. S: 9011?

THE COURT: Yes.

MR. S: I am not sure.

THE COURT: Mr. S, are you familiar with Civil Rule 11?

MR. S: That all pleadings must be signed, yes.

THE COURT: Do you know what the certification of that signature constitutes?

MR. S: Yes, your Honor, to the best of my knowledge, that all statements contained therein are true.

THE COURT: Not quite. 9011 states, in part, that the signature of an attorney for a party constitutes a certificate by him that he has read the document and that to the best of his knowledge, information and belief formed after reasonable inquiry, is well grounded in fact.

MR. S: I have made inquiry, Your Honor.

THE COURT: I would like to know what reasonable inquiry you made with regard to the fact that a petition was or was not filed in this Court on September 4? Also, what paragraph 2 of the complaint, which you deny knowledge or information sufficient to form a belief as to the first paragraph of your answer?

MR. S: I did—number 2?

THE COURT: That is correct.

MR. S: I don't have personal knowledge as to whether he is a—

THE COURT: I would like to know what inquiry you made. Bankruptcy Rule 9011 states, "That after reasonable inquiry—"

MR. S: I didn't.

THE COURT: You didn't make a reasonable inquiry. Did you make any inquiry?

MR. S: No, I didn't make an inquiry. I didn't want to say anything to it. I didn't have personal knowledge.

THE COURT: Did you make any inquiry with regard to paragraph third?

MR. S: I didn't ask my adversary about that.

THE COURT: The question was whether you made any inquiry with regard to the third paragraph of the complaint.

MR. S: No, I didn't inquire as to that.

THE COURT: Did you make any inquiry with regard to the first paragraph of the complaint?

MR. S: Only to the extent that I examined the complaint and the caption.

Thereafter, the court granted the defendant's pending motion to dismiss the adversary proceeding on jurisdictional grounds.

The plaintiff then made a motion for sanctions under Bankruptcy Rule 9011 which was heard on November 26, 1986 together with the debtor's further application for the certification of the adversary proceeding as a related proceeding to the district court. When the matter was called, the debtor withdrew that portion of its motion seeking sanctions under Bankruptcy Rule 9011.

## DISCUSSION

Bankruptcy Rule 9011(a) states:

*Signature.* Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of the litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

The last three sentences of Bankruptcy Rule 9011(a) are virtually identical to the last three sentences of Rule 11 of the Federal Rules of Civil Procedure.

Rule 11 compels an attorney to take some affirmative steps to determine that grounds exist to support his pleadings. *U.S. v. Price,* 577 F.Supp. 1103, 1108 (D.N. J.1983). "In other words, the rule is intended to provide a minimal, ethical standard to which attorneys are bound when they file pleadings with the court." *Id.*

The current wording of Rule 11 was brought about by amendments in 1983. Recently in *Eastway Const. Corp. v. City of New York,* 762 F.2d 243 (2d Cir.1985), the Second Circuit described the effect of the amendment as follows:

The language of the rule, which was amended in 1983, provides a striking contrast to the words of its predecessor. Prior to the 1983 amendment, the rule spoke in plainly subjective terms: An attorney's certification of a pleading was an assertion that "to the best of his knowledge, information, and belief, there [was] good ground to support it." The rule, therefore, contemplated sanctions only where there was a showing of bad faith ... and the only proper inquiry was the subjective belief of the attorney at the time the pleading was signed.

The addition of the words "formed after a reasonable inquiry" demand that we revise our inquiry. See Schwarzer, 11—A Closer Look, 104 F.R.D. 181 (1985). No longer is it enough for an attorney to claim that he acted in good faith, or that he personally was unaware of the groundless nature of an argument or claim. For the language of the new Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Simply put, subjective good faith no longer provides the safe harbor it once did.

The notes of the Advisory Committee on Rules appear to support this expanded reading of the rule. The Committee was frank in admitting that, "in practice Rule 11 has not been effective in deterring abuses." See also 5 Wright & Miller, Federal Practice and Procedure: Civil § 1334 (1971). Thus, the drafters speak of the amended rule as an attempt to "build[ ] upon and expand[ ]" the equitable doctrine. To this end, they state, the new language is "intended to reduce the reluctance of courts to impose sanctions ... *by emphasizing the responsibilities of the attorney.*" *Id.* at 253. [Certain citations omitted].

The reasonableness of an attorney's belief must be considered "in light of the circumstances at the time the paper is signed.... 'The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" Schwarzer, *Sanctions Under The New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 189 (1985). The United States district court for the District of Columbia put it best when it observed that the "reasonable inquiry" language of Rule 11 "imposes a stop-and-think obligation on the lawyer." *Duncan v. WJLA–TV, Inc.,* 106 F.R.D. 4, 6 (D.D.C.1984). The attorney is required to stop and think about the pleadings in order to certify that the information contained therein is "well-grounded in fact and warranted by existing law 'to the best of his knowledge, information, and belief formed after reasonable inquiry.'" *Id.* at 6.

The transcripts of October 15, 1986, set forth above, and of the November 26, 1986 hearing, attached hereto as an Appendix, amply demonstrates not only a total failure to make any attempt to discharge the duty of reasonable inquiry, but also a disturbing lack of candor when questioned by the court with regard thereto.

The rule is clear that an application by a party in interest is not a prerequisite to its enforcement; the court may act "on its own motion."

This Decision is intended as a notice to the Bar that whether or not sanctions are actively sought by an adversary, this court will not tolerate the signing of pleadings without full discharge of the duties imposed by Bankruptcy Rule 9011. Attorneys who engage in such behavior may anticipate sanctions sufficient to discourage continuation of the practice.

A separate Order shall issue specifically defining the sanctions imposed.