In re TWO STAR SURGICAL SUPPLY, INC., Debtor-in-Possession.

TWO STAR SURGICAL SUPPLY, INC., Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Defendant.

No. CV–87–321.

United States District Court, E.D. New York.

Oct. 11, 1988.

Macco, Hackeling & O'Shea, Melville, N.Y. by C. Steven Hackeling, for plaintiff.

Robert Abrams, Atty. Gen., New York City by Ann Horowitz, Asst. Atty. Gen., for defendant.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, Senior District Judge.

This is an appeal from an order of the Bankruptcy Court, Marvin A. Holland, Judge, 70 B.R. 241, admonishing Gerald Slotnik, Esq., pursuant to Bankruptcy Rule 9011, for failing to make a "reason-able inquiry" into allegations raised by the plaintiff/debtor's complaint prior to filing an answer.

For the reasons to follow this court finds that the answer, and the inquiry conducted by Mr. Slotnik were reasonable under the circumstances and the sanctions instituted by the Bankruptcy court should be vacated.

### I. *Background*

On September 11, 1986, the plaintiff debtor, Two Star Surgical Supply, Inc. filed a ten paragraph complaint against the New York State Department of Social Services ("DSS"). The complaint was served on September 30, 1986, and received by DSS in Albany on Thursday, October 2, 1986. DSS was represented in this matter by the New York State Attorney General's Office ("Attorney General's Office"). On October 7, 1986, Assistant Attorney General, Gerald Slotnik, was assigned to this case.

Pursuant to the terms of the Order to Shorten Time, Mr. Slotnik was required to file an answer the next day, October 8, 1986. Slotnik, obtained a short extension to file the answer, and served such answer by mail on October 10, 1988.

The complaint asserted a $350,000 claim against DSS which arose from an agreement to supply surgical supplies and equipment to approved Medicaid participants.

The first three paragraphs of the complaint contained the following allegations:

1. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 and Section 541 and 542, of Title 11 of the United States Code.

2. On the 4th day of September, 1986, a petition for relief under Chapter 7 of Title 11, United States Code, was filed by the above named debtor.

3. Pursuant to 11 U.S.C. Section 1107, plaintiff presently exists as a debtor-in-possession with all the powers and duties of a Trustee as established in 11 U.S.C. Section 704.

The balance of the complaint dealt with the substantive matters at issue in the dispute.

In its answer to the plaintiff's complaint, Slotnik averred that his client (DSS) denied knowledge or information sufficient to form a belief as to the truth or falsity of the first three allegations (these responses hereinafter being called DKI's) [1].

In addition to this denial, the answer also contained various defenses. Specifically, the answer asserted that the Bankruptcy Court lacked subject matter jurisdiction under 28 U.S.C. § 1334. This defense ultimately proved successful and on October 15, 1986, Judge Holland issued a bench ruling dismissing the complaint. A written opinion was filed on October 23, 1986.

However, prior to dismissing the plaintiff's complaint at the October 15, 1986 hearing, the bankruptcy judge raised the issue of sanctions. Clearly incensed with the defendant's answer to the first three paragraphs of the plaintiff's complaint, Judge Holland demanded to know what reasonable inquiry the defendant made before making such answer. Following this inquiry, plaintiff's counsel moved for sanctions pursuant to Bankruptcy rule 9011.

At the outset of oral argument on November 26, 1986, plaintiff's counsel withdrew his motion for sanctions. Judge Holland then *sua sponte* questioned the defendant Slotnik with regard to "reasonable inquiry" and sanctions. On January 7, 1987, Judge Holland issued an order imposing sanctions.

## II. *Appellate Jurisdiction*

The order sanctioning Mr. Slotnik is a final order of the Bankruptcy Court and is appealed to this court pursuant to 28 U.S. C. § 158. The standard of review for this appeal is de novo. *Calloway v. Marvel*

*Entertainment Corp.*, 854 F.2d 1452, 1470 (2d Cir.1988) (citing *Eastway*, 762 F.2d at 254 n. 7 ("Where the only question on appeal becomes whether, in fact a pleading was groundless, we are in as good a position to determine the answer, and, thus, we need not defer to the lower court's opinion.").

### A. Conduct Subject to Rule 11 Sanctions.

 The defendant appellant contends that the DKI's in the answer filed by Mr. Slotnik were only technical mistakes in an otherwise meritorious pleading and thus were not intended to be subject to Rule 11 sanctions. This court agrees.

The Second Circuit has articulated the standards for imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure.[2] *Eastway Const. Corp. v. City of New York*, 762 F.2d 243 (2d Cir.1985), *cert. denied,* —— U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir.1986), and *Calloway v. Marvel Enter. Corp.*, 854 F.2d 1452 (2d Cir.1988).

In *Eastway*, the court held that:
> Sanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. (italics in original).

762 F.2d at 254.

Concerned that the fear of sanctions might inhibit enthusiasm and chill creativi-

---

**1.** The defendant also filed similar answers to allegations asserted in the eighth and ninth paragraphs of the complaint but these were not at issue in the current dispute.

**2.** The last three sentences of Bankruptcy Rule 9011(a) are almost identical to those of Rule 11 of the Fed.R.Civ.P. Compare Rule 11's "The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, ..." to Bankruptcy Rule 9011 "The signature of an attorney of a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; ..."

ty in developing legal arguments, the Second Circuit cautioned, however, that courts should (1) avoid hindsight in determining whether a pleading was valid and look at the information available to the attorney when he signed the pleading, and (2) resolve any and all doubts in favor of the signer. 762 F.2d at 254. The goal of such sanctions should be to "punish only those who would manipulate the federal court system for ends inimicable to those for which it was created." *Id.*

In *Oliveri,* the Second Circuit reaffirmed its policy of resolving all doubts in favor of the signer, 803 F.2d at 1275, and emphasized the necessity of finding egregious conduct before imposing Rule 11 Sanctions. The court specifically held that it will find a violation of Rule 11 only when it is "patently clear that a claim has absolutely no chance of success." *Id.*

The DKI's in this case are in stark contrast to the conduct in other cases that served as a basis for sanctions, both because of the nature of the conduct and the consequences of the conduct on the underlying litigation.

In *Calloway,* the imposition of sanctions for failing to make a reasonable inquiry resulted from the defendant's contention that his former attorney affixed his signature on certain documents without his authorization. This completely unfounded claim with which the plaintiff's attorney persisted for a period of years was a major part of the plaintiff's substantive case. This claim had an enormous effect on the underlying litigation as it prevented the granting of summary judgment and caused the litigation to persist for a substantial amount of time. *Calloway* at 1462.

Similarly in *Eastway,* the plaintiff's frivolous filing of civil rights and antitrust claims which led to the imposition of sanctions wasted months of the court's time and forced the defendants to incur enormous legal fees.

In this case sanctions were imposed on Mr. Slotnik as a result of his answer to the first three paragraphs of the plaintiff's complaint. The bankruptcy judge opined that the proper response should have been a general denial to the first paragraph (i.e., that the complaint was brought pursuant to Bankruptcy Rule 7001) and that the defendant, by simply calling up the court's clerk could have found out whether the second and third paragraphs of the plaintiff's complaint were true.

Yet, in contrast to *Eastway* and *Calloway,* there does not appear to be any damages that have arisen out of the answer filed by Mr. Slotnik. Because the complaint was dismissed on jurisdictional grounds, no extra time or resources need have been expended by the court or any other party. Further, the fact that part of the answer contained the basis for the bankruptcy court's dismissal (e.g., that the pleading as a whole was meritorious) also favors the denial of sanctions. *See Calloway* at 1473 n. 9, citing *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531 (9th Cir.1986) ("The fact that the court concludes that one argument or sub-argument in support of an otherwise valid motion, pleading, does not warrant a finding that that motion or pleading is frivolous or that this Rule has been violated.")

### B. Reasonable Inquiry:

█ Defendant further contends that even if the DKI answers were properly subject to sanctions, the Bankruptcy Judge erred in finding that there was a failure to make a reasonable inquiry before filing the answer.

The Advisory Committee's notes to Rule 11 state that "what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading ..."

Mr. Slotnik's inquiry consisted of discussing the matter with DSS in house counsel and researching the substantive and jurisdictional defenses available to dismiss the plaintiff's complaint.

This inquiry led Mr. Slotnik to believe that with regard to the first paragraph, only the court could make the determination as to whether the plaintiff had proper-

**30**

ly invoked Sections 541 and 542 of the Bankruptcy Rule.

With regard to the second and third paragraphs of the plaintiff's complaint, Mr. Slotnik's inquiry led him to conclude its limited time was more appropriately spent researching the merits of the plaintiff's complaint and the applicability of jurisdictional defenses than in looking into court files in a case to which the DSS was not a party.

Given the limited time available to Mr. Slotnik to draft his answer, this court does not find this to be an unreasonable inquiry.

Having found that Mr. Slotnik's response to paragraphs 1–3 should not have been subject to rule 11 sanctions and that moreover even if it should have been subjected to sanctions Mr. Slotnik did conduct a reasonable inquiry, this court hereby vacates the bankruptcy judge's order sanctioning Mr. Slotnik.

Sanctions vacated.

SO ORDERED.