**In re John W. McDONALD, Debtor.**

**Bankruptcy No. 81–00361.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 1, 1982.

John W. McDonald, pro se.

Edward F. Zoltanski, Toledo, Ohio, trustee.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Trustee's Complaint to Revoke Debtor's Discharge. The Trustee contends that the Debtor's failure to submit a copy of his Federal Income tax 1040 return as requested by the Trustee is a ground for revocation under Bankruptcy Code Section 727(e)(2)(B). The Debtor argues that his right to privacy maintained under 5 U.S.C. § 552 would be jeopardized if the Court were to allow the Trustee to obtain a copy of the Debtor's 1040 forms filed for 1981.

## FACTS

1. This Debtor filed pro-se, a voluntary petition in Bankruptcy on February 25, 1981.

2. During the pendency of this case, the Trustee sold real estate of the Debtor's located at 1915 Chase Street, Toledo, Ohio.

3. As a result of such sale, the Trustee was obligated to file, and did so file, a Federal Income tax 1041 return.

4. By a letter dated August 12, 1982, the Trustee requested the Debtor to send him a copy of the Debtor's 1040 return because such return was required by the Internal Revenue Service (IRS).

5. The Debtor now refuses for the following reasons in addition to the privacy reason stated previously:

a.) The Debtor has "attempted to provide Mr. Zoltanski, Trustee, with the information necessary for him to file the legally required forms without revealing the Defendant's personal and private information"; and,

b.) The Trustee, Mr. Zoltanski, "is not entitled to any information regarding any assets the Defendant may or may not have under 'undue laches'." (See Debtor's Post Pre-Trial Brief, p. 1)

6. The Debtor further states that he is willing to give the Court a copy of his 1040 return provided the Trustee's bond be revoked if a suit for harassment develops in this Court.

## LAW

At the outset, the Court must emphasize that this Debtor voluntarily submitted himself to the protection of this Court. By that submission, he must also submit himself to the rules of this Court. Those rules include, but are not limited to the following sections of the Bankruptcy Code:

"Section 323. Role and capacity of trustee.

(a) The trustee in a case under this title is the representative of the estate. . . ."

"Section 521. Debtor's duties.

The debtor shall—

... (2) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;

(3) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records and papers, relating to property of the estate; ...." (emphasis added)

(The definitional section of the Code Section 102 states that the terms "includes" and "including" are not limiting.)

"*Section 727. Discharge*

(a) The court shall grant the debtor a discharge, unless—

... (6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

(d) ... on request of the trustee or a creditor, and after notice and a hearing, the Court shall revoke a discharge granted under subsection (a) of this section if—

... (3) the debtor committed an act specified in subsection (a)(6) of this section.

(e) The trustee or a creditor may request a revocation of discharge—

... (2) under subsection (c)(2)

or (d)(3) of this section, before *the later of*—

(A) one year after the granting of such discharge; and,

(B) the date the case is closed." (emphasis added)

"*Section 728. Special tax provisions.*

(a) For the purposes of any State or local law imposing a tax on or measured by income, the taxable period of a debtor that is an individual shall terminate on the date of the order for relief under this chapter, unless the case was converted under section 1112 of this title.

(b) Notwithstanding any State or local law imposing a tax on or measured by income, the trustee *shall* make tax returns of income for the estate of an individual debtor in a case under this chapter or for a debtor that is a corporation in a case under this chapter only if such estate or corporation has net taxable income for the entire period after the order for relief under this chapter during which the case is pending. If such entity has such income, or if the debtor is a partnership, then the trustee shall make and file a return of income for each taxable period during which the case was pending after the order for relief under this chapter." (Emphasis added)

As previously outlined, the Bankruptcy Code delineates the rights and duties of the trustees and debtors. These rules are made for the express purpose of facilitating the complete and orderly administration of the Bankruptcy estates. If the parties do not follow these rules, that purpose is frustrated.

The Debtor further argues that the Trustee is precluded from filing this revocation complaint under the theory of laches, and submits various dated cases to support this argument. If the Debtor had only looked at the Bankruptcy Code, he would have seen that the Trustee may file such complaint at anytime before the case is closed. Bankruptcy Code Section 727(e)(2)(B). This case not having been closed, it is clear that the Trustee's Complaint was therefore timely filed.

The Debtor has neglected to fulfill his duties under Bankruptcy Code Section 521(2) and (3). It is essential that debtors assist the trustee in the administration of their cases. The trustees have a large case load, and frequently get paid very little to administer these cases. Therefore since the

debtors are in possession of most, if not all of the information required by the trustees, they must assist him by providing this information. This valuable assistance allows the trustee to efficiently administer the assets, if any, in the estate.

A Bankruptcy discharge is not an inherent right. *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). The Court is not required to grant a discharge to a debtor where that debtor withholds from an officer of the estate any recorded information relating to the debtor's property or financial affairs. Bankruptcy Code Section 727(a)(4)(D); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 384 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, 9A Am.Jur.2d Bankruptcy Section 816 (1980). This lack of cooperation, in the past, has been characterized as a "bankruptcy crime". Suffice it to say that a debtor's cooperation is essential and a prerequisite to a granting of discharge.

The Debtor was sent by mail a request from the Trustee to furnish certain material, namely a copy of his 1040 Federal Income tax return filed for the year 1981. The material was required for the Trustee to effectively carry out his duties under Section 728 of the Bankruptcy Code. This copy was requested for no other purpose. The Debtor stated in his brief that he has attempted to give the Trustee all information requested without submitting this form. According to the IRS, the Trustee was required to submit this copy to them— it appears clear that they would accept no less.

The Debtor's final argument appears to be that the Trustee has no right to his 1040 return without his approval and consent because of the Right to Privacy Act. When a debtor voluntarily files a petition in bankruptcy, he is required to literally open all his records for the Trustee's inspection.

The Trustee is an officer of the Court, and as such may request any information required to complete his duties. One of those duties as seen in Bankruptcy Code Section 728 is the filing of a tax return. The IRS communicated to the Trustee that they needed a copy of the Debtor's 1040 return in addition to the 1041 return filed by the Trustee. That request was communicated to the Debtor. It appears that the 1041 return filing would be incomplete without this requested material. The Court considers the Debtor's response to be a refusal to obey an order of this Court. It is not the Trustee's duty to file suit against the Debtor every time he needs to retrieve necessary information.

In addition, upon reading the Freedom of Information Act of 1974 (Right to Privacy Act) 5 U.S.C. § 552, it is clear that the Act excludes the United States courts from its purview, and is therefore irrelevant in this context. (See generally 5 U.S.C. § 551, 552(c).)

Furthermore, this Court has witnessed many accusations made by the Debtor concerning harassment. The Court believes that this Debtor has been treated fairly, as are all debtors. This Debtor is no exception. As the Court requires all debtors to obey orders of the Court and those of the Trustee, the Court expects no less from this Debtor.

It appearing that the Debtor requires a formal Court Order ordering him to turnover a copy of his 1981, 1040 Income Tax return, it is

ORDERED that the Debtor submit a copy of his 1981 income tax 1040 form to the Trustee within twenty-one (21) days of this Order, or his discharge will automatically be revoked.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record.