In re Larry & Jennifer SWEIGARD, dba U.S. Implement Co., Debtors.

**CLARK EQUIPMENT CREDIT CORP., Plaintiff,**

v.

**Larry Gilliland SWEIGARD, et al., Defendants.**

Bankruptcy No. 82–0622.
Related Case: 81–02423.

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 20, 1983.

Louis J. Hattner, Toledo, Ohio, for plaintiff.

F.L. Scheck, Upper Sandusky, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Plaintiff's Motion for Summary Judgment. The Complaint in this case seeks to deny the Debtors' Discharge.

### FACTS

The Debtors filed their voluntary Chapter 11 petition on November 13, 1981. The case was converted to a Chapter 7 proceeding on February 1, 1982. As a part of that case the Plaintiff filed an adversary Complaint which sought relief from the automatic stay. *See, Clark Equip. Credit Corp. v. Sweigard,* Case No. 82–0134 (Bkrtcy.N.D. Ohio 1982). A stipulated Judgment Entry was agreed upon by the parties in that case. That entry required the Debtor to turn over to the Plaintiff certain monies that were forthcoming to the Debtor from the State of Ohio.

The Complaint in the present case alleges that the monies were never turned over to the Plaintiff as required by the Order in the previous adversary proceeding. A Pre-Trial conference was held in this case on April 8, 1983. At that conference the Debtor admitted that he had not turned over the funds and had thereby violated the Order of this Court. This admission is offered into the record by way of an Affidavit of co-counsel for the Plaintiff which is attached to the present Motion. The present Motion is unopposed.

### LAW

■ .11 U.S.C. § 727 states in pertinent part:

"(a) The court shall grant the debtor a discharge, unless—

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question..."

The obligation imposed by this section to follow the orders of the Court is intended to facilitate the complete and orderly administration of the case. *In re McDonald,* 25 B.R. 186 (Bkrtcy.N.D.Ohio 1982). Without such a requirement a debtor would be able to frustrate the rights of creditors and impede the administration of the estate.

■ In the present case the Debtor was ordered to turn over the funds to the Plaintiff. This Order was an agreed entry and was signed by the Debtor's counsel. By the Debtor's own admission he has failed to follow that Order. In the absence of any showing of circumstances which would excuse this failure, it must be concluded that the Order has not been followed. Since the only element which is required by this section of the Bankruptcy Code has been demonstrated, there remain no material questions of law or fact which require this Court's further consideration. Accordingly, it is

ORDERED that the Motion for Summary Judgment be GRANTED, and that the Debtors' Discharge be, and it is hereby, DENIED.