In re Chris A. HALL, Annette D. Hall, Debtors.

Sherman B. LUBMAN, Trustee, Plaintiff,

v.

Chris A. HALL, Annette D. Hall, Defendants.

Bankruptcy No. 93–31495–S.
Adv. No. 94–3089–S.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Nov. 1, 1994.

Sherman B. Lubman, Richmond, VA, for plaintiff.

Chris A. and Annette D. Hall, pro se.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on the complaint of the Trustee in Bankruptcy. The trustee objects to the debtors' discharge, and asks this Court to refuse to grant a discharge pursuant to 11 U.S.C. § 727. After consideration of the record and pleadings, and of the testimony and argument heard at a trial held October 25, 1994, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The debtors, Chris A. Hall and Annette D. Hall, filed their joint Chapter 13 petition on April 6, 1993. The schedules appended to the debtors' petition in bankruptcy listed current monthly gross income in the amount of $4498 for Mr. Hall, a computer programmer/analyst for the U.S. Postal Service, and $1937 for Mrs. Hall, a development secretary for the American Red Cross. (Sched. I–Current Income of Individual Debtors). Also listed was income from employment for husband and wife from 1991 to 1993. (Statement of Financial Affairs). The debtors' schedules indicated that the debtors were owed no tax refunds. (Sched. B–Personal Property, Items 17 and 20). In addition, the debtors have scheduled various property items, as well as a time share and time share maintenance obligations.

A plan was confirmed on July 13, 1993, but on November 12, 1993, the Halls converted their case to one under Chapter 7 pursuant to 11 U.S.C. § 1307(a), stating in their notice of conversion that they were no longer able to comply with their Chapter 13 plan. The amended schedules filed December 22, 1993 again listed no tax refunds due the debtors. (Sched. B–Personal Property, Items 17 and 20, at page 6).

Mr. Lubman, Trustee in Bankruptcy, has filed a complaint objecting to the Halls' discharge. Mr. Lubman states that at a December 8, 1993 meeting required by 11 U.S.C. § 341, he became aware through interrogatories that the debtors had not filed income tax returns for the years 1989

through 1993 and he directed them to do so by April 15, 1994. He contends that returns have not been filed, and as a result he cannot determine the extent of the estate's property. Without the returns, he cannot determine whether any tax refunds are due the Halls, nor can he determine the financial condition of the debtors. Mr. Lubman asks that the Court refuse to grant the debtors a discharge under 11 U.S.C. § 727, and states that the debtors have refused to cooperate with the trustee as required by 11 U.S.C. § 521(3) and Federal Rule of Bankruptcy Procedure (F.R.B.P) 4002.

The Halls deny any failure to cooperate with the trustee, and state that Lubman learned of the failure to file by way of an undated letter addressed to Lubman from the Halls. This letter is appended to the Halls' answer as Exhibit A. In that letter, at the Pre-trial Conference, and at trial, the Halls have expressed various bases for their contention that they are not required to file tax returns. One basis for their position, as expressed at the Pre-trial Conference, is that their wages are not income for the purposes of filing a return. Another basis for their position, as evidenced by the letter appended to their answer, is that 26 U.S.C. § 6020 requires the Secretary of the Treasury to file the Halls' returns. At trial, the Halls argued that the Internal Revenue Code does not require American citizens to file tax returns unless they have foreign income, and that withholding agents are liable for taxes and for filing tax returns rather than individual taxpayers.

This Court finds that the Halls have not kept or filed their tax returns for the years 1989–1993, and that they refuse to do so. This Court also finds that the Halls have refused to provide copies of their tax returns to the Trustee in Bankruptcy. Those copies are necessary to inform the Trustee as to whether or not the Halls might be entitled to tax refunds that would be property of this bankruptcy estate, and whether they have other income producing property or assets omitted from their schedules. In addition, the debtors have failed to cooperate with the trustee by refusing to file or prepare tax

returns, and by failing to deliver copies of those returns to the trustee.

## CONCLUSIONS OF LAW

■ Title 26 of the United States Code (The Internal Revenue Code), Section 6012, requires that returns be made by every individual whose "gross income" is greater than or equal to the exemption amount.[1] Gross income is defined in § 61 of the Internal Revenue Code as "all income from whatever source derived, including, (but not limited to) the following items: (1) Compensation for services." 26 U.S.C.A. § 61 (West Supp. 1994). Wages are income; to argue otherwise is to make a meritless contention. *Lonsdale v. Commissioner*, 661 F.2d 71, 72 (5th Cir.1981); *United States v. Burton*, 737 F.2d 439, 441 (5th Cir.1984) (beyond dispute, wages are income); *Scull v. United States*, 585 F.Supp. 956, 963 (E.D.Va.1984) (position that wages are not taxable income is clearly frivolous).

■ When a taxpayer fails to file a return, which the Court notes constitutes a criminal offense under 26 U.S.C. § 7203,[2] the I.R.S. may file a substitute return for the taxpayer under § 6020.[3] Case law refutes any argument the Halls may espouse that a plain reading of § 6020(b) requires the Secretary to file their return by its use of the word "shall." When the section is read as a whole, it should be noted that § 6020(a) uses the word "may" rather than "shall." Substitute returns filed under § 6020 do not constitute filed returns by the taxpayer, and at least one court has stated that: "Courts have held that 26 U.S.C. § 6020(b) provides the IRS with some recourse if a taxpayer fails to file a return as required under § 6012, but that it does not excuse a taxpayer from the filing requirement." *In re Bergstrom*, 949 F.2d 341, 343 (10th Cir.1991) (citation omitted). In *Moore v. Commissioner*, the 5th Circuit, in disposing of an argument similar to that of the Halls, awarded the government double costs due to the pro se taxpayer's use of frivolous "long defunct arguments" on appeal and held that § 6020(b) does not "supplant the taxpayer's original obligation to file" under § 6012. 722 F.2d 193, 196 (1984).

Finally, this Court finds no merit in the Halls' meandering trial argument regarding foreign income earners and the liability of withholding agents. Sections 1441, 1442, 1443, and 1461 of Title 26, and the various OMB control numbers or form numbers cited by the Halls as authority for their position do

---

1. The section reads, in relevant part, as follows:

> **§ 6012. Persons required to make returns of income**
> (a) **General Rule.**—Returns with respect to income taxes shall be made by the following:
> (1)(A) Every individual having for the taxable year gross income which equals or exceeds the exemption amount.... 11 U.S.C.A. § 6012 (West 1989).

2. The relevant portion of Section 7203 reads as follows:

> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to *make a return, keep any records,* or supply any information, who willfully fails to pay such estimated tax or tax, *make such return, keep such records,* or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000, or imprisoned not more than one year, or both, together with the costs of prosecution. 26 U.S.C.A. § 7203 (West Supp.1994) (emphasis added).

3. Section 6020 reads as follows:

> **§ 6020. Returns prepared for or executed by Secretary**
> (a) **Preparation of return by Secretary.**—If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary *may* prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.
> (b) **Execution of return by Secretary.**—
> (1) **Authority of Secretary to execute return.**—If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary *shall* make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
> (2) **Status of returns.**—Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes. 26 U.S.C.A. § 6020 (West 1989). (emphasis added) (The term "Secretary" is defined in § 7701 as the Secretary of the Treasury.)

not sway this Court from its holding that 26 U.S.C. § 6012 requires the Halls to file tax returns.

■ Honest debtors are provided a "fresh start" through 11 U.S.C. § 727, which provides for a general discharge of their debts. *Union Bank of the Middle East, Ltd. v. Farouki (In re Farouki)*, 133 B.R. 769, 776 (Bankr.E.D.Va.1991) (complete disclosure of financial affairs is fundamental to the concept that discharge is only available to totally open and honest debtors), *aff'd sub nom. Farouki v. Emirates Bank International, Ltd.*, 14 F.3d 244 (4th Cir.1994); *see also Pyramid Technology Corp. v. Cook (In re Cook)*, 146 B.R. 934, 935–936 (Bankr.E.D.Pa. 1992). Section 727 contains provisions that bar a general discharge "to make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs." *Farouki*, 133 B.R. at 776 (*citing In re Tully*, 818 F.2d 106, 110 (1st Cir.1987)). Section 727(a)(3) is one of those provisions, and requires, among other things, that the debtor "keep" certain records, from which the debtor's financial condition might be determined. 11 U.S.C. § 727(a)(3)[4]; *Green Hill Corp. v. Kim (In re Kim)*, 97 B.R. 275, 279 (Bankr. E.D.Va.1989). "Keep" means not only to maintain, but "[t]o maintain continuously and methodically for the purposes of a record; as, to 'keep' books." *Black's Law Dictionary* 868 (6th ed. 1990).

■ This Court has held that the purpose of § 727(a)(3) "is to make the privilege of discharge dependent upon a true presentation of the debtor's financial affairs." *Dominick & Dominick, Inc. v. Baxter (In re Baxter)*, 96 B.R. 58, 60 (Bankr.E.D.Va.1989) (citations omitted). "The statute also ensures that the trustee and creditors are supplied with dependable information on which they can rely in tracing a debtor's financial history." *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3rd Cir.1992). By refusing to file

tax returns, the debtors have run afoul of the purposes of § 727(a)(3).

■ Under F.R.B.P. Rule 4005, the Trustee, as the plaintiff, has the initial burden of proving his objection to the debtors' discharge. The Trustee must show that the debtors failed to keep adequate records, and that the debtor's failure makes it difficult, if not impossible, for the Trustee to fully determine the financial condition of the debtors. *Id.*, at 1232. This Court is vested with broad discretion in determining whether the records kept by a particular debtor are adequate, given the circumstances of each case. *See Goff v. Russell Co. (In re Goff)*, 495 F.2d 199 (5th Cir.1974); *Dolin v. Northern Petrochemical (In re Dolin)*, 799 F.2d 251 (6th Cir.1986). Even though the sufficiency of record keeping varies with the facts of each case, all cases require complete disclosure. *Meridian*, 958 F.2d at 1230 (*citing In re Underhill*, 82 F.2d 258 (2nd Cir.) *cert. denied*, 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402 (1936)). Given the income, property and other items scheduled by the Halls, the returns requested by the trustee are, at a minimum, what must be kept and disclosed by the debtors in this case. The trustee has shown that the Halls have failed to keep adequate records, and that the failure to do so has proscribed the trustee's ability to fully determine the debtors' financial condition.

■ Once the Trustee meets his initial burden by producing evidence that establishes the basis for his objection, as he has done here, the burden shifts to the debtor to "establish an excuse for inadequate or nonexistent records." *Id.* at 1233. The test for the debtors' justification for failing to keep records is an objective one, and does not depend upon any intent on the part of the debtors to conceal financial conditions. *Miller v. Pulos (In re Pulos)*, 168 B.R. 682, 692 (Bankr.D.Minn.1994) (citation omitted). "The debtor cannot assert an honest belief

---

**4.** Title 11, Section 727(a)(3) reads as follows:

§ 727. Discharge

(a) The court shall grant the debtor a discharge, unless—

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case. 11 U.S.C.A. § 727 (West 1993).

that he or she did not need to keep the records. Instead, debtors have a duty to preserve those records that others in like circumstances would ordinarily keep." *Id., citing Meridian,* 958 F.2d at 1231; *Krohn v. Frommann (In re Frommann),* 153 B.R. 113, 117 (Bankr.E.D.N.Y.1993).

The tired "tax protester" lines of argument relied upon by the Halls do not adequately justify or excuse their failure to keep the records required of all taxpayers in like circumstances, and required by the trustee in this case. At trial, Mr. and Mrs. Hall each expressed a belief that there was no requirement for filing returns. The Halls' subjective beliefs have no bearing here, and have no effect upon the reality that tax returns are utilized by the trustee to verify the schedules filed by debtors, to find property that may be improperly scheduled or not scheduled at all, to determine tax liability, and to determine whether refunds are forthcoming. "Income tax returns are *quintessential documents* 'from which the debtor's financial condition or business transactions might be ascertained,' in the words of subsection (3)." *Wolfson v. Wolfson (In re Wolfson),* 152 B.R. 830, 833 (S.D.N.Y.1993) (emphasis added). Without tax returns, the trustee would be forced to accept the uncorroborated statements of the debtors, as contained in their schedules. Tax returns are essential to the orderly administration of the debtors' estate, and necessary for the debtors to make a full presentation of their financial affairs to the trustee.

The Court, finding there to be no justification for the debtors' failure to file tax returns, reaches the conclusion that the debtors should not be granted a discharge in bankruptcy. The debtors' adamant refusal to file federal income tax returns, in violation of a legal duty to do so, only buttresses the Court's belief that the debtors should not be permitted to take advantage of any presumption in favor of discharge without first providing a complete and accurate account of their financial affairs. This Court holds that the debtors have refused to keep records required by the trustee, and have failed to cooperate with the trustee as required by 11 U.S.C. § 521(3) and F.R.B.P. Rule 4005.

For the reasons stated in this opinion, and pursuant to 11 U.S.C. § 727(a)(3), this Court will not grant the debtors a discharge.

This Court will issue an order in accordance with this Memorandum Opinion.