■ TAXPAYERS FOR AN AFFORDABLE NEW YORK et al., Appellants, v STATE BOARD OF EQUALIZATION AND ASSESSMENT et al., Respondents. [630 NYS2d 405] —Mercure, J. Appeal from an order of the Supreme Court (Harris, J.), entered June 20, 1994 in Albany County, which granted certain defendants' cross motion for summary judgment dismissing the complaint for lack of standing.

This controversy centers upon defendant New York City's constitutional real estate taxation limit for the 1991-1992 fiscal year. The NY Constitution restricts the amount of annual real estate tax that may be raised for local purposes in New York City to $2^1/_2$ % of the average full valuation of the City's taxable real estate, determined by taking the assessed valuations of taxable real estate on the current and four immediately preceding tax rolls and applying to each the ratio it bears to full valuation (NY Const, art VIII, § 10 [e]). These "special equalization ratios" are determined on the basis of a market survey completed pursuant to RPTL article 12 or, if such a survey has not been completed, on the basis of prior completed market value surveys, with subsequent increases or decreases in market value projected on the basis of these ratios in accordance with RPTL 1252.

Defendant State Board of Equalization and Assessment (hereinafter SBEA) determined special equalization ratios for New York City's 1991-1992 fiscal year by determining the ratio of assessed value to full value as of January 1 of 1991, 1990, 1989, 1988 and 1987, respectively. At the time, the latest completed market value survey had been performed for 1987. SBEA thus established an estimated annual trend on the basis of data from several prior market value surveys (see, 9 NYCRR 186-7.4) and determined the special equalization ratios for the

---

subject assessment rolls by means of the methodology prescribed in 9 NYCRR 186-7.5 (b) and (c), with results ranging from 19.02 for 1987 to 13.99 for 1991. The constitutional real estate taxation limit thus derived was $10,536,784,031 (after adjustment for interest on temporary debt) for the 1991-1992 fiscal year. The City's actual real estate levy for that period was $6,262,785,360.

In this action, plaintiffs are individuals or organizations representing New York City real property owners who claim that City real estate values did not increase by approximately 150% from 1986 to 1991, as determined by SBEA, but actually remained the same or decreased. As such, the argument continues, the full value of City taxable real property and, consequently, the constitutional real estate taxation limit are grossly overstated. Plaintiffs allege that they are aggrieved to the extent that they are paying taxes in excess of the constitutional real estate taxation limit, by the City's abusive taxation and by the State's failure to protect them from the same. Following joinder of issue, plaintiffs moved for partial summary judgment on their first cause of action against SBEA and defendant State Division of Equalization and Assessment (hereinafter SDEA), seeking a declaration that SBEA's 1991 special equalization ratios violate NY Constitution, article VIII, § 10 and directing SBEA to recompute the same. SBEA, SDEA and the State (hereinafter collectively referred to as defendants) cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendants' cross motion and dismissed the complaint upon the ground that plaintiffs lack standing to bring this action. Plaintiffs appeal.

We agree with Supreme Court that, in the absence of any evidence tending to establish that the City's tax levy for the 1991-1992 fiscal year exceeded a properly computed constitutional tax limit, plaintiffs failed to meet their burden of establishing that they have been subjected to excessive taxation and, thus, sustained injury in fact (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769, 772-773; *Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9). We accordingly affirm.

We are not at all persuaded by plaintiffs' oft-stated rationalization for their failure to present any proof of damage, i.e., that only the Legislature or its designee is constitutionally empowered to determine the proper limit, or argument that this is an instance where "the failure to accord such standing would * * * erect an impenetrable barrier to any judicial scrutiny of legislative action" (*Boryszewski v Brydges*, 37 NY2d

361, 364). Upon a competent showing that SBEA's actions actually had an unconstitutional impact on real property taxes, plaintiffs would have standing (*see, Bethlehem Steel Corp. v Board of Educ.*, 44 NY2d 831, *appeal dismissed* 439 US 922; *Hurd v City of Buffalo*, 41 AD2d 402, *affd* 34 NY2d 628; *Bloom v Mayor of City of N. Y.*, 35 AD2d 92, *affd* 28 NY2d 952). Nor do we agree that standing is conferred by virtue of SBEA's mere failure "to do its job".

We do not view the decision of the Court of Appeals in *Matter of Har Enters. v Town of Brookhaven* (74 NY2d 524) as analogous to the present case or interpret it as a retreat from the legal requirement of injury in fact (*see, Society of Plastics Indus. v County of Suffolk, supra; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428). As cogently argued by the City, because plaintiffs have suffered no injury and would receive no benefit if the special equalization ratios were recalculated in the manner they request, they are presenting us with a hypothetical problem, resolution of which would have no effect on them. In sum, we conclude that the instant action was properly dismissed as nothing more than " 'an abstract attack, brought in a factual vacuum' " (*Matter of New York State Assn. of Professional Land Surveyors v State of New York Dept. of Labor*, 167 AD2d 735, 736).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.