In re FARMER, Daniel H., Debtor.

Bankruptcy No. 98–10764–6J7.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 27, 1999.

Kenneth D. Herron, Jr., Wolff, Hill, McFarlin & Herron, P.A., Orlando, Florida, for debtor.

Marie E. Henkel, Orlando, Florida, trustee.

Lynnea Concannon, Orlando, Florida, for trustee.

*ORDER GRANTING AMENDED MOTION BY TRUSTEE FOR TURNOVER OF PROPERTY OF THE ESTATE*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on March 30, 1999, on the Amended Motion by Trustee for Turnover of Property of the Estate (the "Motion") (Doc. No. 14) and the Response by Debtor to Trustee's Amended Motion for Turnover of Property of the Estate (Doc. No. 19). After reviewing the positions of the parties and the pleadings, and for the reasons stated below, the Amended Motion is granted.

The debtor, Daniel H. Farmer (the "Debtor"), filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code on December 7, 1998. Prior to the meeting of creditors scheduled for January 5, 1999, the Chapter 7 trustee, Marie Henkel (the "Trustee"), wrote the Debtor a letter requesting the Debtor's financial books and records. The Trustee specifically asked the Debtor to bring these books and records to the meeting of creditors.

At the meeting of creditors, the Debtor failed to bring the requested financial records. Accordingly, for the second time, the Trustee requested the Debtor to supply the requested documents as soon as possible after the meeting. After 30 days, the Debtor still had not produced the requested documents. Accordingly, the Trustee filed her Motion (Doc. No. 14) which currently is under consideration.

Rather than produce the requested documents, the Debtor filed a Response on February 16, 1999 (Doc. No. 16). The Response failed to supply *any* justification for the Debtor's continuing refusal to give the necessary financial records to the Trustee. As such, a hearing was set on the Trustee's Motion.

At the hearing on the Motion, the Debtor contended he had no obligation to surrender his financial books and records because they did not constitute property of the estate. The Court rejects this argument. Sections 542(e) and 521(4) of the

Bankruptcy Code[1] specifically require the Debtor, and upon Court order, other third parties, to surrender to the Trustee all "books, documents, records and papers, relating to property of the estate." 11 U.S.C § 521(4) (1998).

 Indeed, Section 521(4) imposes a mandatory duty on a debtor to surrender all financial records to the trustee "whether or not immunity is granted." 11 U.S.C. § 521(4). As such, the Debtor absolutely must turn over all financial records to the Trustee upon request. *See Goldberg v. Lawrence (In re Lawrence)*, 227 B.R. 907, 914 (Bankr.S.D.Fla.1998); *Wortman v. Ridley (In re Ridley)*, 115 B.R. 731, 734 (Bankr.D.Mass.1990).

 The Bankruptcy Code outlines the rights and duties of both trustees and debtors for the express purpose of facilitating the complete and orderly administration of bankruptcy estates. *In re McDonald*, 25 B.R. 186, 188 (Bankr.N.D.Ohio 1982). A Chapter 7 trustee needs these financial books and records of the debtor in order to comply with the Trustee's duties to investigate the financial affairs of a debtor as required by Section 704(4) of the Bankruptcy Code. The trustee further is entitled to receive the *original* books and records from the debtor and is not required to incur copying or other charges. When a debtor chooses to file a voluntary petition seeking relief under the Bankruptcy Code, the debtor must accept both the burdens as well as the benefits of his or her decision. One of the burdens of filing bankruptcy is that the debtor is required to surrender all books and financial records to the trustee. If a debtor refuses to meet this burden, the court may refuse to grant the debtor the benefit of a discharge. *See McDonald*, 25 B.R. at 189 (holding that "the Court is not required to grant a discharge to a debtor where that debtor withholds from an officer of the estate any recorded information relating to the debt-

or's property or financial affairs.") "In short, the Bankruptcy Code makes complete disclosure a 'condition precedent' to the privilege of a discharge." *Lawrence*, 227 B.R. at 914. *See also Ridley*, 115 B.R. at 734 (holding that the "production of appropriate records is the quid pro quo for the debtor's relief from substantially all financial obligations through a discharge in bankruptcy.") Furthermore, a refusal to comply with a court order requiring turnover is contemptuous. *In re Crabtree*, 39 B.R. 702, 709 (Bankr.E.D.Tenn.1984).

 In this case, the Debtor failed to voluntarily comply with his duty to provide the trustee with his financial books and records. The Trustee appropriately filed a Motion for Turnover under Section 542 seeking the documents. The Court finds it unfortunate that such a motion was necessary. Debtors have a mandatory duty to relinquish such records to a Chapter 7 trustee without the need for any formal discovery request, motion, hearing or order. 11 U.S.C. § 521(4); *Lawrence*, 227 B.R. at 914. The Court moreover expects counsel to voluntarily cooperate with the trustee and to produce documents and financial records requested by the trustee promptly and without the need for a motion for turnover. "The trustee should not have to be chasing debtors into Court in order to gain their cooperation." *Ridley*, 115 B.R. at 736.

 Specifically, Chapter 7 trustees should write the debtor a letter listing any documents or financial records requested in sufficient detail so that the debtor can gather the documents. The debtor's obligation is to voluntarily surrender these original financial books and records to the trustee in their original form as soon as practicably possible. The trustee should review and assess the information contained in these financial records at his or her leisure and return the documents to

1. Unless specified otherwise, all references to statutory sections refer to Title 11 of the United States Code.

the debtor only when the trustee's review is complete. In some cases, the trustee may need to keep the documents for a substantial period of time. Only in rare cases can the Court envision a legitimate reason for a debtor to refuse to produce financial records. In those rare cases, the debtor has the obligation to file a motion seeking a court order excusing the debtor's actions in refusing to produce the documents.

Debtor's counsel in this case and in other cases acting as officers of this Court should follow the guidelines in this order both to the letter and in the spirit in which they are intended. The practice of bankruptcy law is one distinguished by an atmosphere of collegiality and cooperation. If the routine turnover of a debtor's financial records becomes contested, as they did in this case, the quality of the practice of law and the service to all parties involved in the bankruptcy system will decline and deteriorate. Civility and cooperation is necessary for the system to work and is expected by this Court. Accordingly, it is

ORDERED:

1. The Motion is granted.

2. The Debtor is directed to deliver all requested books and records to the Trustee within 10 days of the entry of this order.