[699 NYS2d 838]

## In the Matter of TOWN OF EAST HAMPTON et al., Appellants, v STATE OF NEW YORK et al., Respondents.

Third Department, December 23, 1999

### APPEARANCES OF COUNSEL

*Grossman & Birnbaum,* Sag Harbor (*Russell S. Stein* of counsel), for appellants.

*Eliot Spitzer, Attorney General,* Albany (*Daniel Smirlock* of counsel), for respondents.

### OPINION OF THE COURT

MERCURE, J.

Petitioners, consisting of four towns, eight villages, two individual taxpayers residing in two of the petitioning towns and a number of nonprofit organizations, all advocate the creation of a new county (Peconic County) out of the east end of the present Suffolk County.[1] Following a feasibility study conducted from 1993 through 1995, which was partially financed with State funds, and public review of the study results, the towns each passed a local law, subject to mandatory referendum, requesting that the State enact a law permitting the towns to vote in a binding referendum on the creation of Peconic County. Although the legislation advocated by petitioners, which would establish a comprehensive general law for the creation of new counties similar to that now provided for the creation of villages and towns, was introduced in respondent State Assembly (1997 NY Assembly Bill A 5702) and respondent State Senate (1997 NY Senate Bill S 3235) in 1997, neither body took any subsequent action on the bills.

Alleging that NY Constitution, article IX, § 2[2] requires the Legislature to enact a comprehensive and general procedure for the creation of new counties and that A 5702 and S 3235 would fulfill that requirement, petitioners brought this CPLR article 78 proceeding in the nature of mandamus to compel the Legislature to enact the proffered legislation or similar legislation providing for the creation of new counties. Respondents moved to dismiss the petition upon the grounds that petitioners lacked standing to challenge the Legislature's inaction, the claims were not justiciable and the petition fails to state a cause of action. Finding that petitioners failed to establish injury-in-fact and thus lacked standing, Supreme Court dismissed the petition. Petitioners appeal.

Because we conclude that Supreme Court was correct in its conclusion that petitioners lack standing, we affirm. Whether we view petitioner's claim of standing as one based on "injury-

1. The five towns that would make up the proposed county are the Towns of East Hampton, Riverhead, Shelter Island, Southampton and Southold.

2. NY Constitution, article IX, § 2 provides in relevant part as follows: "(a) The legislature shall provide for the creation and organization of local governments in such manner as shall secure to them the rights, powers, privileges and immunities granted to them by this constitution."

in-fact" or, as petitioners express it, "a special exception * * * carved out where the issue is one of the validity or invalidity of legislative action [or inaction] under the New York State Constitution," the claim is largely dependent upon petitioners' central thesis that the Legislature has violated NY Constitution, article IX, § 2, in failing to enact a general mechanism for the creation of counties. In our view, that assumption is invalid and the petition therefore raises no colorable constitutional issue.

Contrary to petitioners' contention, we do not read NY Constitution, article IX, § 2 as requiring the Legislature to enact a comprehensive and general procedure for the creation of new counties. The unquestioned purpose behind the home rule amendment was to "expand and secure the powers enjoyed by local governments" (*Wambat Realty Corp. v State of New York*, 41 NY2d 490, 496). As noted by respondents, the language "shall provide for the creation and organization of local governments in such manner as shall secure to them the rights, powers, privileges and immunities granted to them by this constitution" (NY Const, art IX, § 2) appears not to contemplate the creation of new counties, but is intended to protect the "rights, powers, privileges and immunities" of existing municipal corporations. It is worthy of note that the Legislature is empowered to create counties by special law (*see*, NY Const, art X, § 1) and the power to create and organize local governments has been held to be plenary, "beyond home rule constraints" (*City of New York v State of New York*, 158 AD2d 169, 173, *affd* 76 NY2d 479).

We also agree with Supreme Court's conclusion that petitioners have made no showing of "injury-in-fact" (*see*, *Rudder v Pataki*, 93 NY2d 273, 280). In our view, neither the State's contribution toward the cost of the feasibility study nor the study's conclusion that the taxpayers of Peconic County might realize some tax savings if the Legislature were to act in the manner sought by petitioners constitutes concrete injury fulfilling the requirement of standing (*see*, *Matter of Hoston v New York State Dept. of Health*, 203 AD2d 826, 827, *lv denied* 84 NY2d 803). To the contrary, Supreme Court's characterization of such injury as speculative, occurring in "a factual vacuum," was apt (*see*, *Taxpayers for Affordable N. Y. v State Bd. of Equalization & Assessment*, 218 AD2d 848, 849-850, *lv denied* 87 NY2d 802).

In view of our determination that petitioners lack standing, we need not consider the parties' remaining contentions.

MIKOLL, J. P., YESAWICH JR., PETERS and GRAFFEO, JJ., concur.

Ordered that the judgment is affirmed, without costs.