**In re Galen BEACH and Vickie Beach, Debtors.**

**Galen Beach and Vickie Beach, Appellants,**

v.

**J. Michael Morris, Trustee, Appellee.**

**BAP No. KS–02–015.**

**Bankruptcy No. 01–14473–7.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Aug. 19, 2002.

Submitted on the briefs: *

Galen Beach and Vickie Beach, pro se.

J. Michael Morris, Trustee, pro se.

Before CLARK, CORNISH, and MICHAEL, Bankruptcy Judges.

## OPINION

CLARK, Bankruptcy Judge.

Vickie and Galen Beach, the *pro se* Chapter 7 debtors (Debtors), appeal an "Order Granting Trustee's Motions to Compel and Turnover" entered by the United States Bankruptcy Court for the District of Kansas requiring the Debtors to provide copies of their 2001 state and federal tax returns (Returns) to the Chapter 7 trustee (Trustee) and turnover any portion of refunds related to the Returns attributable to the prepetition year. For the reasons set forth below, the bankruptcy court is AFFIRMED.[1]

---

\* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. Also before the Court are four motions, which are summarized as follows: (1) the Debtors' Appendix is deficient because it is not paginated, and, therefore, the Court has construed the Appendix as a motion to allow a deficient Appendix ("Appendix Motion"); (2) the Debtors filed a Motion for an Order to

## I. Background

The Debtors filed a Chapter 7 petition on September 17, 2001.

Sometime thereafter, the Trustee requested that the Debtors provide him with copies of their Returns. When the Debtors failed to do so, the Trustee filed a motion in the bankruptcy court asserting that (1) he requested the Debtors to provide him with copies of their Returns, but they refused to do so; (2) any state or federal tax refund attributable to the prepetition year was property of the estate; and (3) because the Debtors failed to turnover their Returns he could not ascertain the amount of any refund that was estate property. The Trustee thus requested that the Debtors be ordered to turnover their Returns and to turnover any portion of their tax refunds that were property of the estate.

The Debtors filed an untimely response to the Trustee's motion, arguing, in relevant part, that the Trustee's motion should be dismissed for failure to state a claim or lack of jurisdiction. The Debtors maintained that 26 U.S.C. § 6103 requires that their Returns be kept confidential, and that *res judicata* barred litigation of the matter because issues related to the confidentiality of their Returns was governed by *Russell v. Board of Plumbing Examiners,* 74 F.Supp.2d 349 (S.D.N.Y.1999), *aff'd,* 1 Fed.Appx. 38 (2d Cir. Jan. 5, 2001). Finally, the Debtors contended that under § 6103 the Trustee was required to request the Returns from the Secretary of the Treasury, and his failure to do so barred his request of the Debtors.

A hearing on the Trustee's motion was held by the bankruptcy court on February 14, 2002, and on February 25, 2002, the bankruptcy court entered its "Order Granting Trustee's Motion to Compel and Turnover" (Order). The bankruptcy court held that § 6103(e)(4) has no application to a Chapter 7 trustee's request that a debtor turnover tax returns. The court also stated that when a debtor files Chapter 7, it waives its right to the confidentiality of its tax documents, and that such documents must be turned over to a trustee. Finally, the court held that any portion of the Debtors' 2001 tax refunds attributable to the prepetition year were property of the estate and the Debtors were required to turnover any such portion received.

The Debtors timely filed a notice of appeal from the bankruptcy court's final Order, and no party has elected to have this appeal heard by the United States District Court for the District of Kansas. Accordingly, this Court has jurisdiction over this appeal. 28 U.S.C. § 158(a)-(c); Fed. R. Bankr.P. 8002.

## II. Discussion

■ The Order on appeal requires the Debtors to turnover their Returns to the Trustee, and to turnover any refunds attributable to the prepetition year to the estate. The Debtors state that the sole issue on appeal is the application of 26 U.S.C. § 6301 to the Trustee's request for the Returns. Appellants' Brief at 4. Thus, the Debtors have waived any appeal of the portion of the bankruptcy court's Order requiring them to turnover refunds attributable to the prepetition year, and we will

---

Show Cause related to certain transcripts ("Transcript Motion"); (3) the Debtors filed a Motion to Withdraw the Transcript Motion because the transcripts were received ("Withdrawal Motion"); and (4) the Debtors filed transcripts outside of their Appendix, which the Court has construed as a motion to ex-

empt the transcripts from the Debtors' Appendix ("Exemption Motion"). The Court hereby GRANTS the Appendix Motion and accepts the Debtors' deficient Appendix, GRANTS the Withdrawal Motion and thus DENIES the Transcript Motion as moot, and GRANTS the Exemption Motion.

not review the issue herein. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n. 7 (10th Cir.1994) (issue waived if not raised and argued in appellate brief).

The Debtors maintain that the bankruptcy court erred in requiring them to turnover their Returns, because they are not required to do so under 26 U.S.C. § 6103, which states:

(a) General rule.—Returns and return information shall be confidential, and except as authorized by this title—

(1) no officer or employee of the United States,

(2) no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(7)(A), any local child support enforcement agency, or any local agency administering a program listed in subsection (*l* )(7)(D) who has or had access to returns or return information under this section, and

(3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), paragraph (6), (12), or (16) of subsection (*l* ), paragraph (2) or (4)(B) of subsection (m), or subsection (n), shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

. . . .

(e) Disclosure to persons having material interest.—

(1) In general.—The return of a person shall, upon written request, be open to inspection by or disclosure to—

(A) in the case of the return of an individual—

(i) that individual,

(ii) the spouse of that individual if the individual and such spouse have signified their consent to consider a gift reported on such return as made one-half by him and one-half by the spouse pursuant to the provisions of section 2513; or

(iii) the child of that individual (or such child's legal representative) to the extent necessary to comply with the provisions of section 1(g);

(B) in the case of an income tax return filed jointly, either of the individuals with respect to whom the return is filed;

. . . .

(4) Title 11 cases and receivership proceedings.—If—

(A) there is a trustee in a title 11 case in which the debtor is the person with respect to whom the return is filed, or

(B) substantially all of the property of the person with respect to whom the return is filed is in the hands of a receiver,

such return or returns for prior years of such person shall, upon written request, be open to inspection by or disclosure to such trustee or receiver, but only if the Secretary [of the Treasury] finds that such trustee or receiver, in his fiduciary capacity, has a material interest which

will be affected by information contained therein.

26 U.S.C. § 6103(a)(1)-(3), (e)(1) & (4).

By its terms, § 6103 has no application to a bankruptcy trustee requesting tax returns from a Chapter 7 debtor. Rather, this section applies to requests made on the Internal Revenue Service or a state taxing authority to divulge a taxpayer's tax return information. Thus, the bankruptcy court did not err in refusing to apply § 6103 to the Trustee's motion for turnover of the Debtors' Returns.[2]

 Upon review of the record and the applicable law, we conclude that the bankruptcy court did not err in requiring the Debtors to turnover their Returns to the Trustee. The Trustee is required to "collect ... property of the estate for which such [T]rustee serves...." 11 U.S.C. § 704(1). Section 521 requires the Debtors to "cooperate with the [T]rustee as necessary to enable the [T]rustee to perform the [T]rustee's duties" under the Bankruptcy Code. *Id.* at § 521(3). It also mandates that the Debtors "surrender to the [T]rustee all property of the estate and any recorded information, including ... documents, records, and papers, relating to property of the estate...." *Id.* at § 521(4). Federal Rule of Bankruptcy Procedure 4002 further requires the Debtors to "cooperate with the [T]rustee in ... the administration of the estate." Fed. R. Bankr.P. 4002(4). In addition to imposing affirmative duties on the Debtors, these provisions impress the policy that a debtor who voluntarily submits him or herself to the jurisdiction of the bankruptcy court to obtain the benefit of a discharge of debts, must fulfill certain duties to insure that estate assets are administered in accor-

dance with applicable law. *In re Farmer,* 237 B.R. 210, 212 (Bankr.M.D.Fla.1999); *In re McDonald,* 25 B.R. 186, 189 (Bankr. N.D.Ohio 1982).

 The Debtors' Returns are imperative to allow the Trustee to assess what portion, if any, of the Debtors' tax refunds are property of the estate and to collect and administer the refunds in accordance with the Bankruptcy Code. *Lubman v. Hall (In re Hall),* 174 B.R. 210, 215 (Bankr.E.D.Va.1994). The Debtors are therefore required to turn the Returns over to the Trustee. *Accord In re Stinson,* 269 B.R. 172 (Bankr.S.D.Ohio 2001). A failure to turnover the Returns could result in the denial of the Debtors' discharge, or the revocation of any discharge granted. *See* 11 U.S.C. § 727(a)(4)(D), (a)(6)(A) & (d)(2)-(3); *In re Love,* No. WY-97-001, 1997 WL 837795, at *1 (10th Cir. BAP July 17, 1997) ("The debtor's cooperation with the trustee is a prerequisite to a granting of a discharge.") (citing *Robb v. Sowers (In re Sowers),* 97 B.R. 480, 486 (Bankr.N.D.Ind.1989); *McDonald,* 25 B.R. at 189). It could also make the Debtors subject to criminal liability. *See, e.g.,* 18 U.S.C. § 152(1), (9) & 3284. And also to sanctions. *See Stinson,* 269 B.R. at 172.

### III. *Conclusion*

For the reasons stated above, the bankruptcy court's Order is AFFIRMED.

---

**2.** The Debtors have also argued that the Trustee did not follow the procedure set forth in § 6103 and that non-binding case law related to § 6103 is *res judicata* in this case.

Based on our conclusion that § 6103 has no application to this case, we need not address these arguments.